UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WILLIAM MONTGOMERY,
MONTGOMERY AGGREGATE
PRODUCTS, INC., and CCMS
ASSOCIATES, INC.,

      Defendants.

                            /

Case No. 2:05-CV-131

Hon. Richard Alan Enslen

**OPINION**

        This matter is before the Court on Plaintiff United States of America's Application for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant CCMS Associates, Inc. ("CCMS"). On October 25, 2005, Defendant CCMS, *via* its registered agent Patrick Cleary, was personally served a copy of Plaintiff's Complaint and Summons to answer the same. Observing that Defendant CCMS failed to timely appear, plead, or otherwise defend itself, Plaintiff applied for default on March 22, 2006. The Clerk entered default the same day, which consequently established Defendant's liability for the well-pled allegations in Plaintiff's Complaint. FED. R. CIV. P. 8(d); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). The remaining task is the entry of default judgment.

        Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides in pertinent part that judgment by default may be entered as follows:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount

>and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
>**(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .[1]

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. The case law makes clear, however, that the Court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd ed. 1998) (citing cases).

Plaintiff's Complaint charges Defendant CCMS with liability under the Clean Water Act, 33 U.S.C. §§ 1319(b) & 1319(g)(9), and specifically seeks to enforce an administrative consent agreement and recover civil penalties. Plaintiff recites that on December 12, 2002, its Environmental Protection Agency ("EPA") brought an administrative complaint against Defendant CCMS for unlawfully discharging pollutants in violation of the Act. According to Plaintiff, the parties resolved

---

[1] Plaintiff has sought default judgment from the Clerk under Rule 55(b)(1), or in the alternative, from the Court under 55(b)(2). Because of the nature of relief sought and the need to review Plaintiff's reference material, the Court believes Plaintiff's application is proper under Rule 55(b)(2).

the administrative complaint by consent agreement. As part of the consent agreement, Defendant CCMS agreed to pay a $30,000 civil penalty (including interest and delinquent payment penalties). Defendant CCMS also agreed to construct—to mitigate the effect of its pollution—18.51 acres of wetlands. Defendant CCMS has not satisfied either obligation under the consent agreement and Plaintiff sued to enforce it. As for relief, Plaintiff's Complaint sought to recover from Defendant CCMS $30,000 (plus interest and penalties); obtain an order requiring Defendant CCMS to construct 18.51 acres of wetlands; and recover its attorney's fees and costs spent pursuing this action.

Concerning Defendant CCMS's $30,000 civil penalty, Plaintiff calculates its outstanding liability to now be $196,495 due to interest and penalties. Plaintiff arrived at that figure on the strength of its EPA comptroller's calculations made pursuant to the consent agreement. The Court has reviewed those findings, cross referenced them against the figures listed in the consent agreement, and considers the number arrived at to be correct. Thus, the Court finds that Plaintiff has established Defendant CCMS's liability in the amount of $196,495.

Turning to Plaintiff's request for an injunction, Plaintiff has submitted the sworn declarations of its EPA scientist and the Michigan Department of Environmental Quality's upper peninsula district director, who both attest that Defendant CCMS has not constructed the mitigating wetlands described in the consent agreement. Accordingly, the Court believes Plaintiff is entitled to the injunctive relief sought and will order Defendant CCMS to construct the wetlands area it originally agreed to create. Plaintiff is also entitled to recover its attorney's fees and costs expended in

prosecuting this action pursuant to 33 U.S.C. § 1319. However, Plaintiff has not requested a specific amount in attorney's fees and costs, and thus, counsel is directed to submit an affidavit and other materials evidencing a reasonable hourly billing rate; the number of hours expended; a breakdown of the dates the work was performed; the nature of the work performed; the length of time spent on each task; and any documentary evidence establishing costs. A Default Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     May 24, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |