UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,      Case No. 2:05-CV-131

    Plaintiff,      Hon. Richard Alan Enslen

   v.

WILLIAM MONTGOMERY,
MONTGOMERY AGGREGATE
PRODUCTS, INC., and CCMS
ASSOCIATES, INC,

                        **ORDER**

    Defendants.      /

      This case is before the Court on Plaintiff, United States of America's Unopposed Motion to Enter Consent Decree. The proposed Consent Decree would resolve all remaining claims of Plaintiff against Defendants William Montgomery ("Montgomery") and Montgomery Aggregate Products, Inc. ("Montgomery Aggregate").

      Plaintiff, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed this Complaint on May 31, 2005, pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b) against Defendants CCMS Associates, Inc. and William Montgomery, in his personal capacity, for the enforcement of an agreed administrative Consent Agreement and Final Order ("CAFO"). Plaintiff sought civil penalties owed pursuant to the CAFO and also asserted claims against William Montgomery and Montgomery Aggregate under the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, specifically the New Source Performance Standards for non-metallic mineral processing plants. *See* C.F.R. Part 60. On May 24, 2006, a Default Judgment was entered against Defendant CCMS Associates, Inc. On April 9, 2007, Plaintiff published notice of the lodging of the proposed Consent Decree in the Federal Register in accordance with 42 U.S.C. § 7413 and 29 C.F.R. § 50.7. No comments were received by Plaintiff during the 30-day public comment period.

The proposed Consent Decree requires, *inter alia*, that (1) Montgomery undertake wetlands mitigation that he originally agreed to perform under the CAFO, pursuant to an updated and revised mitigation plan (Consent Decree at ¶¶ 12-16); (2) Montgomery and Montgomery Aggregate pay a civil penalty totaling $72,000.00 (*id*. at ¶ 9); and (3) Montgomery and Montgomery Aggregate comply with specified notice provisions of the Clean Air Act (*id*. at ¶ 11).

The Court notes its function in reviewing a proposed consent decree is "not to substitute its own judgment for that of the parties to the decree but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable or against public policy." *United States v. Hooker Chem. & Plastics Corp*., 607 F. Supp. 1052, 1057 (W.D.N.Y. 1985); *see also United States v. Akzo Coatings of Am*., 949 F.2d 1409, 1435 (6th Cir. 1991). "There is perhaps a presumption of enforceability when the governmental agencies charged with enforcing the environmental statutes worked toward and approve of the consent decree." *Kelley v. Thomas Solvent Co*., 790 F. Supp. 731, 735 (W.D. Mich. 1991) (citation omitted). In the present case, having reviewed the proposed Consent Decree, the Court finds the decree is fair, reasonable, in the public interest and also consistent with the goals of the Clean Air Act and the Clean Water Act. Further, the Court agrees with Plaintiff that a direct benefit of the Consent Decree is the avoidance of protracted litigation and its associated costs and delays, especially in this particular case where Montgomery and Montgomery Aggregate have demonstrated an inability to pay a larger penalty. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion to Enter Consent Decree (Dkt. No. 61) is **GRANTED**.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen
    June 21, 2007          RICHARD ALAN ENSLEN
                            SENIOR UNITED STATES DISTRICT JUDGE